**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4312**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL O. DEVAUGHN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.  Margaret B. Seymour, District Judge.
(CR-01-233)

———————

Submitted:  August 28, 2003        Decided:  September 3, 2003

———————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Isaac Louis Johnson, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael O. DeVaughn appeals his conviction and six-month sentence following his guilty plea to possessing marijuana in a federal correctional facility in violation of 18 U.S.C. § 1791 (2000). DeVaughn's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the adequacy of DeVaughn's plea hearing. DeVaughn has filed a supplemental pro se brief asserting claims under the Interstate Agreement on Detainers Act, as amended, 18 U.S.C., app. 2, §§ 1-9 (2000), and a breach of his plea agreement. We affirm.

Our review of the record reveals no error. At DeVaughn's plea hearing, the district court ascertained DeVaughn's competency to enter a plea, that he had adequately reviewed his case with his attorney, that his plea was freely and voluntarily given, and reviewed with DeVaughn the rights he would forego by pleading guilty, the elements of the crime, the statutory maximum sentence, the impact of the Sentencing Guidelines, and the terms of his plea agreement. Given this, the district court adequately discharged its obligations under Fed. R. Crim. P. 11. Further, a knowing and voluntary guilty plea waives antecedent non-jurisdictional errors, including claims of unlawful search and seizure. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Hence, the claims raised in

DeVaughn's pro se supplemental brief regarding his conviction and plea are without merit.[*]

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm DeVaughn's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, although we grant DeVaughn's motion to amend, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*] To the extent DeVaughn alleges the United States failed to honor its agreement to make a non-binding recommendation to the Bureau of Prisons that his forfeited good time credits be restored, the record indicates DeVaughn has mis-characterized the nature of the United States' obligation. Rather, the United States agreed to recommend to the district court that DeVaughn "receive any and all good time credit that may be available to him." Because the record reflects that the United States made such a recommendation, DeVaughn's claim for specific performance is meritless.